# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

CHRISSY RUSSELL                                                                                PLAINTIFF

v.                     NO. 3:09CV00147 JLH

ST. BERNARDS HOSPITAL, INC., d/b/a
ST. BERNARDS MEDICAL CENTER                           DEFENDANT

## STIPULATION AND AGREEMENT FOR PROTECTIVE ORDER

Now on this 17th day of February, 2010, comes to be considered the Stipulation and Agreement for Protective Order, and the Court, being well and sufficiently advised in the premises, orders, to-wit:

(1) Confidential Documents, as later defined herein, and obtained by Plaintiff from St. Bernards Hospital, Inc. d/b/a St. Bernards Medical Center ("SBMC"), hereinafter referred to as "Hospital," during discovery in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or distributed in any way to anyone except "Qualified Persons," as herein defined. This shall not apply to documents, otherwise designated as "Confidential," but obtained from sources other than Hospital.

(2) Confidential documents shall be deemed to mean any and all documents produced by Hospital to Plaintiff that contain the private, confidential, and protected employee information of Hospital employees, not including documents that pertain directly to Plaintiff.

(3) Except with the prior written consent of Hospital, or pursuant to further order of this Court, on motion with notice to Hospital, no Confidential Documents may be disclosed to any person other than "Qualified Persons" who shall be defined to include:

(a) All counsel of record in this action, and secretaries, paraprofessional assistants and other employees of such counsel who are actively engaged in assisting counsel in connection with this action;

(b) Outside experts and/or consultants retained by any counsel for the purpose of assisting in the preparation of this case.

(c) Witnesses, either by deposition or trial testimony, who may be shown such materials as are subject hereto, and questioned about the same.

(4) This Order, insofar as it restricts the distribution, in any way, and use of Confidential Documents, shall continue to be binding through and after the conclusion of this litigation. At the conclusion of this action, including all appeals:

(a) Counsel for Plaintiff shall take all reasonable steps necessary to reclaim all confidential documents produced by Hospital and counsel shall return all copies of such Confidential Documents to counsel for Hospital at the expense of Hospital.

(b) Counsel and all other Qualified Persons are enjoined from distribution of any Confidential Documents obtained during the course of this proceeding and in violation of this Protective Order Pursuant to Stipulation and Agreement. Severe sanctions will attach to any person who discloses such in violation of this provision.

(5) Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Documents" to remove such from the application of this Order pursuant to further Order of this Court.

DATED this 17th day of February, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE


APPROVED, ACCEPTED AND AGREED:

John L. Burnett
LAVEY AND BURNETT
P.O. Box 2657
Little Rock, AR 72203

By: /s/ John L. Burnett


Paul D. Waddell
M. Scott Jackson
BARRETT & DEACON, P.A.
P.O. Box 1700
Jonesboro, AR 72403

By: /s/ M. Scott Jackson